IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JONATHAN HUDSON, *et al.*, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RALPH WAYNE DUNN, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:23-cv-781 (RDA/WBP) |

## **ORDER**

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge William B. Porter on March 15, 2024. Dkt. 29. Jonathan Hudson and Robert Skipper[1] (collectively "Plaintiffs") filed a motion for Default Judgment against Ralph Wayne Dunn; Sherry Gossard; Lynnway Tank and Tower, LLC ("Lynnway T&T"); and Suburban Contractors, LLC ("Suburban") (collectively, "Defendants"). Dkt. 18. In their Complaint for relief against Defendants, Plaintiffs brought claims of unpaid minimum wage and overtime under the Fair Labor Standards Act ("FLSA") and violations of Virginia wage laws. Dkt. 29 at 2. Magistrate Judge Porter recommends that default judgment be entered against Defendants. Dkt. 29. Pursuant to Federal Rule of Civil Procedure 72(b)(2), the deadline for submitting objections to Magistrate Judge Porter's Recommendation was March 29, 2024. To date, no objections have been filed.

---

[1] Plaintiffs Kameron Wisinger, Tanner Clifton, and Dalton Davis are proceeding *pro se* and are not parties to the pending Motion for Default Judgment.

After reviewing the record and Magistrate Judge Porter's Recommendation, and finding no clear error,[2] the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 29).

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Default Judgment (Dkt. 18) is GRANTED as to Plaintiffs; and it is

FURTHER ORDERED that Plaintiff Jonathan Hudson be awarded $27,103.35, which represents damages for unpaid non-overtime wages in the amount of $5,360.00 (computed at the "regular rate" per the VWPA, which is higher than the minimum wage used to calculate non-overtime wages under the FLSA), overtime wages in the amount of $2,261.25, treble damages under the VWPA in the amount of $15,242.50 (which is higher than the liquidated damages allowed by the FLSA) half the attorney's fees of $3,819.00, and half the costs in the amount of $420.60; and it is

FURTHER ORDERED that Plaintiff Hudson's total damages of $27,103.35 are recoverable jointly and severally against Lynnway T&T and Suburban; and it is

FURTHER ORDERED that of Hudson's total damages of $27,103.35, up to $10,682.10 is recoverable jointly and severally against Dunn and Gossard, which represents damages for unpaid non-overtime wages in the amount of $960.00 (computed at the minimum wage per the FLSA, which is lower than the "regular rate" used to calculate non-overtime wages under the FLSA), overtime wages in the amount of $2,261.25, liquidated damages under the FLSA in the amount of $3,221.25 (which is less than the treble damages allowed by the VWPA) half the attorney's fees of $3,819.00, and half the costs in the amount of $420.60; and it is

---

[2] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (in the absence of any objections to a Magistrate Judge's Recommendation, the Court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'").

FURTHER ORDERED that Plaintiff Robert Skipper be awarded $25,972.74, which represents damages for unpaid non-overtime wages in the amount of $5,360.00 (computed at the "regular rate" per the VWPA, which is higher than the minimum wage used to calculate non-overtime wages under the FLSA), overtime wages in the amount of $1,884.38, treble damages under the VWPA in the amount of $14,488.76 (which is higher than the liquidated damages allowed by the FLSA) half the attorney's fees of $3,819.00, and half the costs in the amount of $420.60; and it is

FURTHER ORDERED that Plaintiff Skipper's total damages of $25,972.74 are recoverable jointly and severally against Lynnway T&T and Suburban; and it is

FURTHER ORDERED that of Skipper's total damages of $25,972.74, up to $9,928.36 is recoverable jointly and severally against Dunn and Gossard, which represents damages for unpaid non-overtime wages in the amount of $960.00 (computed at the minimum wage per the FLSA, which is lower than the "regular rate" used to calculate non-overtime wages under the FLSA), overtime wages in the amount of $1,884.38, liquidated damages under the FLSA in the amount of $2,844.38 (which is less than the treble damages allowed by the VWPA) half the attorney's fees of $3,819.00, and half the costs in the amount of $420.60; and it is

FURTHER ORDERED that all damages for both Plaintiff Hudson and Plaintiff Skipper accrue post-judgment interest pursuant to 28 U.S.C. § 1961(a).

It is SO ORDERED.

Alexandria, Virginia
June 5, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

3