IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHNATHON HUDSON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-781 (RDA/WBP) |
| | ) |
| RALPH WAYNE DUNN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge William B. Porter on January 13, 2025. Dkt. 38.

In their Complaint, Plaintiffs sought to recover unpaid minimum wages and overtime compensation from Defendants under the Fair Labor Standards Act and Virginia law. On January 23, 2024, Plaintiffs filed a Motion for Default Judgment, Dkts. 18; 19, and Magistrate Judge Porter held a hearing on the Motion for Default Judgment on February 23, 2024, Dkt. 28. No one appeared for Defendants at the hearing, and Magistrate Judge Porter entered Proposed Findings and Recommendations recommending that default judgment be entered against Defendants. Dkt. 29. Given that no objections were filed to the Proposed Findings and Recommendations, this District Judge approved and adopted the Proposed Findings and Recommendations, granted the motion for default judgment, entered judgment in favor of Plaintiffs and against Defendants and closed the case on June 5, 2024. Dkt. 31.

On December 11, 2024, more than six months later, Defendant Suburban filed its Motion to Set Aside Default Judgment, Dkt. 32, "on the grounds that it was entered (i) by mistake, inadvertence, surprise, or excusable neglect; (ii) by fraud, misrepresentation, or misconduct by an

opposing party; or (iii) for any other reason that justifies relief." Dkt. 38 at 4. On December 12, 2024, Magistrate Judge Porter entered a briefing order and scheduled a hearing for January 3, 2025. Dkt. 33. Counsel for Suburban failed to appear at the January 3, 2025 hearing. *See* Dkt. 37. Magistrate Judge Porter subsequently entered second set of Proposed Findings of Fact and Recommendation on January 13, 2025. Dkt. 38. Pursuant to Federal Rule of Civil Procedure 72(b)(2), the deadline for submitting objections to Magistrate Judge Porter's Recommendation was January 27, 2025. To date, no objections have been filed.[1]

With respect to Defendant Suburban's Motion to Set Aside Default Judgment, Magistrate Judge Porter recommends that the default judgment not be set aside because Defendant Suburban failed to timely bring the Motion and cannot demonstrate a meritorious defense.[2]

After reviewing the record and Magistrate Judge Porter's Recommendation, and finding no clear error,[3] the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 38). Accordingly, it is hereby

---

[1] To the extent the failure to file objections may have been excused by defense counsel's apparent inability to receive Court orders, defense counsel has indicated that such issues have been resolved. Dkt. 40. More than two months have passed since the filing of the Proposed Findings of Fact and Recommendations and still no objections have been filed. Accordingly, the Court must assume that Suburban has no objections.

[2] Although the Court required Plaintiffs to notify Defendant Suburban about the default judgment hearing, Dkt. 21, Federal Rule of Civil Procedure 55(b) does not require a plaintiff to provide notice of a default judgment hearing to a defendant who has failed to appear. *See* Fed. R. Civ. P. 55(b). Moreover, Plaintiffs attempted to comply with the Judge Porter's order; however, Defendant Suburban changed its registered agent without updating the Court or Plaintiffs' Counsel. Dkt. 38 at 16-17. To the extent Plaintiffs erred at all in failing to note the post-service change in Suburban's registered agent, that error is of the kind that may be excused.

[3] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (in the absence of any objections to a Magistrate Judge's Recommendation, the Court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'").

ORDERED that Defendant Suburban's Motion to Set Aside Default Judgment (Dkt. 32) is DENIED.

The Clerk is directed to forward copies of this Order to counsel of record, and to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
April 16, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge